# Commonwealth v. Byers

*Susan Ferrell*, for the Commonwealth.
*Gene Francis Byers*, for defendant.

SMITH, *J.*, October 11, 1984—On September 8, 1984, defendant was driving his truck on U.S. Route 220 in Woodward Township, Lycoming County. He was stopped by a Pennsylvania State Police Officer who determined the axle weight of the vehicle. Pursuant to Subchapter C of Chapter 47 of the Vehicle Code entitled Maximum Weights of Vehicles, 75 Pa.C.S. §4941 et seq., the defendant was cited and fined for a weight violation. The defendant was found guilty by District Magistrate C. Roger McRae and fined $1200 plus costs. Defendant has appealed the conviction to this court.

The statute under which defendant was cited and convicted is 75 Pa.C.S. §4943 which states as follows:

"§4943. Maximum Axle Weight of Vehicles.

. . .(b) Exceptions and special applications.

(1) No combination registered and carrying a gross weight in excess of 73,280 pounds shall have an overall gross weight on any single axle, other than the steering axle, in excess of 20,000 pounds

or an overall gross weight on any group of two or more consecutive axles in excess of that produced by application of the following formula:

$$W = 500 \left( \frac{LN}{N\text{-}1} + (12N = 36) \right)$$

Where W = overall gross weight on any group of two or more consecutive axles to the nearest 500 pounds, L = distance in feet between the extreme of any group of two or more consecutive axles and N = number of axles in group under consideration, except that two consecutive pairs of axles may carry a gross load of 34,000 pounds each, provided the overall distance between the first and last axles of such consecutive pairs of axles is 36 feet or more." The formula set forth in the statute is known as the bridge formula.

Initially we note that a truck is subject to section 4943(b)(1) only if it is "registered and carrying a gross weight in excess of 73,280." Here, defendant's truck was registered at 80,000 pounds and weighed 78,230 pounds. Thus, defendant's truck is subject to the bridge formula set forth in section 4943(b)(1).

The court has calculated, by using the bridge formula, the "overall gross weight on any group of two or more consecutive axles" and has arrived, as did the State Police Officer, at a result of 71,000 pounds. In driving with a weight of 78,230 pounds, defendant was, as noted by the officer, 7,230 pounds overweight. Thus, the court finds that the defendant is guilty of a violation of 75 Pa.C.S. §4943(b)(1).

The real issue in this case is not the guilt or innocence of the defendant. In fact, while not conceding

his guilt, defendant did not actively dispute that he had violated section 4943(b)(1) of the Vehicle Code. Defendant does, however, vigorously dispute the amount imposed as a fine for this violation. We agree with defendant that the police officer and the magistrate incorrectly calculated the amount of the fine.

The section of the Vehicle Code under which the fine was imposed is 75 Pa.C.S. §4945(b) which states:

"(b) Axle weight violation.—Subject to the provisions of section 4982(c) (relating to reducing or readjusting loads of vehicles), any person operating a vehicle or combination with a weight on an axle or pair of axles exceeding the maximum axle weights allowed by section 4943 (relating to the maximum axle weight of vehicles) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $100 plus $100 for each 500 pounds, or part thereof, in excess of 2,000 pounds over the maximum axle weight allowed." Upon comparing the above statutory language with the language of the statute under which the fine was imposed, we find that the statutes are not in pari materia and therefore the fine of section 4945(b) cannot be imposed for a violation of section 4943(b).

At this point we should point out that certain rules of construction apply when a court is called upon to interpret a criminal statute. The general rule is that a penal statute must be strictly construed in favor of defendant. Commonwealth v. Broughton, 257 Pa. Super. 369, 390 A.2d 1282 (1978); 1 Pa.C.S. §1928(b)(1). "The rationale behind strict construction of a penal statute is the injustice of convicting a person without clear notice to him that his contemplated conduct is unlawful, as

well as notice of the penalties." Broughton, 257 Pa. Super. at 377, 390 A.2d at 1286 (1978).

In construing the various sections of the Vehicle Code involved in this case, the court has reviewed with particular care the language chosen by the legislature in constructing the statutes. After a careful reading of the penalty section 4945(b), we conclude that that section does not set forth a penalty for the violation of section 4943(b)(1). The penalty section speaks in terms of "weight on an axle or pair of axles exceeding the maximum axle weights" as compared to the operative phrase of section 4943(b)(1) which refers to "an overall gross weight on any group of two or more consecutive axles" in excess of the result of the bridge formula.

It is apparent that the two sections are referring to two entirely different things. The penalty section is referring to the amount of weight which exerts pressure on each individual axle or pair of axles. The weight measured is the weight of the load which is immediately above the axle or pair of axles. Thus, the weight on one axle may be different from that on an adjacent axle or another axle on the truck.

Section 4943(b)(1) is measuring the amount of pressure exerted by the weight of the entire truck on all of the axles of the truck.[1] This is accomplished by measuring the gross weight of the truck and by calculating its disbursement along the length of the truck between the front and back axles

1. While the statute uses the language "two or more consecutive axles" it is apparent that this language is referring to all the axles. At least in this case all axles were used in the calculation. No attempt was made to measure distance between the individual axles so that the formula could be applied to fewer than all five of the axles.

(the "external bridge"). The result is the average pressure exerted on all the axles of the truck.

What has happened is that the legislature has combined two separate offenses to produce a hybrid offense. The gross weight requirement has been combined with the axle weight requirement to produce a gross axle weight violation. When the legislature created this offense it did not create a matching penalty. The penalty it appears to have relied upon is the already existing penalty for individual axle weight violations under which trucks registered at a lower weight are penalized and under which, prior to the change in the law, all axle weight violations were penalized. There is no specific penalty for the hybrid offense.

The fact that section 4943(b)(1) is incompatible with section 4945(b) is the key to the court's decision. However, our view is buttressed by the language in section 4945(b) making the penalty subject to the weight readjusting provision of the Vehicle Code found in 75 Pa.C.S. §4982(b). Section 4982 permits one violating the maximum axle weight provisions to readjust the load on the truck to avoid prosecution in certain circumstances. This means that if the load above one of the axles is overweight, but by readjusting the load the trucker is able to bring the load within the legal weight limit, the trucker is permitted to readjust the load to avoid prosecution. However, since the bridge formula computes an average of the gross weight on the axles rather than weight on an individual axle, no amount of shifting of load will make any difference. No matter where the load is located on the truck, the result of the formula will always be the same. We cannot believe that the legislature would provide an exception to a criminal offense which is impossible to execute. The court must assume that the

legislature did not intend such a result. See 1 Pa.C.S. §1922(1). There is absolutely no reason for the legislature to have made the penalty subject to section 4982 if section 4982 can have no effect on the resulting penalty.

It is our conclusion that the defendant must be sentenced under 75 Pa.C.S. §4907, the section providing penalties for offenses for which no other penalties are provided. It is logical to assume that the legislature believed that the existing penalty for axle weight violations would suffice. However, the penalty section is incompatible with the section detailing the offense.

## ORDER

And now, this October 11, 1984, the court finds defendant, Gene Francis Byers, guilty of one count of violating 75 Pa.C.S. §4943(b)(1).

## ORDER

And now, this October 11, 1984, the sentence of the court is that defendant pay a fine of $100 and costs.